# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Marc Paul Schachter,

Petitioner

v.

Jo Gentry, et al.,

Respondents

2:17-cv-01766-JAD-GWF

**Order Granting in Part Motion to Dismiss**

[ECF No. 12]

Pro se petitioner Marc Paul Schachter brings this habeas corpus petition under 28 U.S.C. § 2254 to challenge his 2015 Nevada state-court conviction for attempted robbery and his adjudication as a habitual criminal. Respondents move to dismiss Schachter's petition, arguing that several of his claims are unexhausted. Having carefully reviewed the record, I find that many of Schachter's grounds are unexhausted, making this petition a mixed one. So I give Schachter until October 19, 2018, to advise the court whether he wants to abandon these claims or return to state court to exhaust them.

**Discussion**

After a jury found Schachter guilty of attempted robbery in 2015, he was sentenced as a habitual criminal to a term of 5–20 years.[1] Schachter challenged his conviction on direct appeal, but he did not pursue a state petition for post-conviction relief. Respondents contend that this failure, and the limited scope of his state-court arguments, have left most of his claims unexhausted and his petition subject to dismissal as a mixed one containing both exhausted and unexhausted claims.

---

[1] ECF No. 15-21; Exhibit 90.

**A. State prisoners must fully exhaust the state-court review process for each claim before filing a federal petition.**

A habeas petitioner first must exhaust state-court remedies on a claim before presenting that claim to the federal courts.[2] For this exhaustion requirement to be satisfied, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available.[3] In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which he relies and must also state the facts that entitle him to relief on that federal claim.[4] In other words, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based.[5] The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.[6]

**B. Ground 2 is partially unexhausted**

In ground two, Schachter claims that his Fifth, Sixth, and Fourteenth Amendment rights to due process were violated because law enforcement did not retain the merchandise he was alleged to have stolen, and the court did not dismiss the case based on this spoliation of evidence or require a special jury instruction to address it.[7] Respondents contend that this claim was not properly exhausted before the Nevada state courts. They are largely correct.

At trial, the details of Schachter's attempted robbery were provided by Wal-Mart asset protection associate Alejandro Monroy. Monroy testified that he observed Schachter take a

---

[2] 28 U.S.C. § 2254(b)(1)(A).

[3] *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[4] *See, e.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000).

[5] *See, e.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[6] *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[7] ECF No. 1-1 at 9.

backpack off a product shelf and place it in a shopping cart. He then selected some Icy Hot electric relief pads and two boxes of hair dye and placed them in the shopping cart before stashing all but one box of hair dye in the backpack, which he then slung onto his back. He went to the cashier, paid for the one box of hair dye in his hand, and then exited the store through the outdoor-living entrance with the backpack and its concealed items still on his back.[8] Schachter was caught, and the purloined items were recovered.[9] After completing his investigation, the investigating officer left the backpack and its contents with the store, which restocked them for sale.[10]

On direct appeal, Schachter, through counsel, argued that "[t]he District Court erred in finding that the State's failure to collect the allegedly stolen backpack was the result of mere negligence."[11] He thus presented only one argument on appeal about the materiality of the unpreserved evidence: he argued that "the backpack itself would prove the backpack was customized and as a result it could not have been stolen on the day in question."[12] The Supreme Court of Nevada rejected this claim because the backpack was not material. It explained that "attempted robbery does not include a threshold monetary valuation and the amount stolen does not affect the sentence," and Schachter did "not allege that he did not steal the other items found in the backpack," and Monroy "testified that he witnessed Schachter put the other items in the backpack."[13] So, a showing that the backpack itself was not stolen "would not have changed the outcome of the proceedings because, whether the backpack was his or not, it still contained items

---

[8] *See* ECF No. 14-8, at 33–43 & 50–59; Exhibit 44, at 32–42 & 49–58.

[9] ECF No. 14-8 at 94–95.

[10] *Id*. at 78–79; Exhibit 44, at 77–78. ECF No. 14-10, at 44 & 86–87; Exhibit 46, at 43 & 85–86. The officer testified that this was standard practice given the number of store thefts.

[11] ECF No. 15-15, at 19; Exhibit 85A, at 18; *see also id*., at 14; Exhibit 85A, at 13.

[12] ECF No. 15-24, at 5–6; Exhibit 92A, at 4–5; *see also* ECF No. 15-15, at 21 n.11; Exhibit 85A, at 20 n.11.

[13] ECF No. 15-28, at 4; Exhibit 96, at 3.

[Schachter] stole."[14]

Federal Ground 2 goes beyond the backpack. Schachter alleges that he was denied due process of law in violation of his Fifth, Sixth, and Fourteenth Amendment rights when the investigating officer did not take custody of the allegedly stolen property. He also incorporates his allegations in Ground 3 in which he urges that the state supreme court incorrectly stated that he did not allege that the other items in the backpack were his. And he adds that the Court's finding that the evidence was not material is contrary to federal law "because the condition of the actual backpack along with the lost video and the loss of preliminary hearing transcripts prevented [him] from impeaching the witness effectively."[15]

To the extent that Schachter seeks to base ground 2 on a failure to preserve evidence other than the backpack, it is unexhausted. Different factual allegations render a claim unexhausted if the allegations fundamentally alter the legal claim considered by the state court or the allegations place the case in a significantly different and stronger evidentiary posture than when the state courts considered the claim.[16] Schachter's attempt to base this claim on a failure to preserve the surveillance video and preliminary-hearing transcript both fundamentally alters the claim presented to the state supreme court and seeks to place the claim on a significantly different and stronger evidentiary posture than when that court considered the claim.[17]

---

[14] *Id.*, at 5; Exhibit 96, at 4.

[15] ECF No. 5, at 10. The reference to lost video footage is to surveillance video that was not preserved over and above the surveillance footage that was copied for preservation and introduced at trial. Due to a technical issue, the preliminary hearing could not be transcribed. *See* ECF No. 13-3, at 3; Exhibit 3, at 2.

[16] *See generally Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (*en banc*).

[17] I do not read respondents' motion to argue that ground 2 is rendered unexhausted simply because Schachter argues that the state supreme court made an unreasonable determination of fact when it stated that he did not allege that the other items in the backpack were his. The sole materiality argument presented to the state supreme court on appeal, however, concerned only the backpack itself. In this regard, the outcome on the exhaustion issue turns upon the factual basis for the claim
(continued...)

**B.     Ground 3 is partially unexhausted**

In Ground 3, Schachter alleges that he was denied rights to self-representation, due process, and cross-examination in violation of the Fifth, Sixth and Fourteenth Amendments because the Nevada Supreme Court, when denying his state-court claims related to federal grounds 1 and 2, stated that he did not allege that he did not steal the items that were found in the backpack after he left the store. Schachter alleges that the Court's statement "unfairly shifts the burden of proof to the defendant"[18] and, even if he had not alleged that the other items were not stolen, the conviction still would be invalid because (a) establishing that the backpack was not stolen would have impeached the credibility of the prosecution's witness; and (b) there is no way to determine whether the jury based its verdict solely on the backpack rather than the other items.[19]

Whether ground 3 presents an independently viable ground for relief or merely challenges the basis for the Court's rejection of Schachter's other claims is debatable. To the extent that ground 3 presents an independent claim, the legal theories it is based on were not argued in the state proceedings. Schachter did not raise the claim that the court's statement unfairly shifted the burden of proof to the defendant or that a valid conviction could not be obtained because there was no way to determine whether the jury's verdict was based solely on the backpack rather than the other items. Exhaustion requires a petitioner to present both the operative facts and the legal theories upon which his claim is based to the state court,[20] and for these portions of this claim, Schachter has not done so.[21] Ground 3 therefore is unexhausted in part.

---

[17](...continued)
that Schachter presented to the state supreme court on appeal, not what he alleged in the state district court.

[18] ECF No. 1-1 at 13.

[19] ECF No. 5, at 12–14.

[20] *Castillo v. McFadden*, 399 F.3d at 999.

[21] I am not persuaded, however, that Schachter failed to rely upon the materiality of the backpack to
(continued...)

**C.     Ground 4 is entirely unexhausted**

On March 5, 2015, the state district court entered a judgment of conviction sentencing Schachter to a term of 12–48 months for attempted robbery under count I in the amended information and separately to a concurrent term of 5–20 years as a habitual criminal under count III.[22] On direct appeal, Schachter argued that the district court erred under Nevada state law by imposing separate sentences for both the underlying substantive offense and the habitual-criminal adjudication rather than simply a single sentence.[23] The State agreed,[24] and on July 30, 2015, prior to the resolution of the appeal, the district court entered a corrected judgment of conviction that sentenced Schachter as a habitual criminal on the attempted-robbery count to 5–20 years.[25] Schachter subsequently acknowledged that no further issue remained, and the state supreme court concluded that the issue was moot when it addressed the other issues in his appeal.[26]

In ground 4 of his federal petition, Schachter alleges that by allegedly "allowing" the state district court to enter a corrected judgment, "the Nevada Supreme Court allowed the trial court to resentence [him] after [he] had finished the original 12–48 month sentence" and that "[t]his clearly violates [his] 5th Amendment right against double-punishment." He further alleges that "the Nevada Supreme Court also prevented [his] right to be present and make objections at [his] sentencing."[27]

Ground 4 is unexhausted. Schachter acknowledged in his petition that these federal claims

---

[21](...continued)
contradict Monroy's testimony, which would call his credibility into question. *See* ECF No. 15-24, at 5–6; Exhibit 92A, at 4–5. So that portion of this claim appears to be exhausted.

[22] ECF No. 15-5; Exhibit 76.

[23] ECF No. 15-15, at 14–15; Exhibit 85A, at 13–14.

[24] ECF No. 15-18, at 4–5; Exhibit 87A, at 3–4.

[25] ECF No. 15-21; Exhibit 90.

[26] ECF No. 15-24, at 1; Exhibit 92A, at 2. ECF No. 15-28, at 2–3 n.1; Exhibit 96, at 1–2 n.1.

[27] ECF No. 5, at 16–17.

were not presented on direct appeal. He urged, however, that the state supreme court's alleged remedy caused the violation and that he was "unable to properly appeal a favorable ruling that contains an unconstitutional remedy in a timely fashion."[28] But Schachter did have avenues to raise the federal claims in ground 4 in the state court. First, he simply could have filed a timely appeal from the corrected judgment. Second, to the extent that he believed that the state supreme court itself erred in "providing" a remedy on the original direct appeal, he could have filed a petition for rehearing in that court.[29] Schachter's reliance on alleged "common sense" in his opposition to the motion to dismiss is even less persuasive. The federal claims in ground 4 never were presented to the state supreme court and are unexhausted in their entirety.[30]

---

[28] ECF No. 5, at 17-18.

[29] The existing federal record does not necessarily reflect either that the Nevada Supreme Court acted to "allow" the state district court to enter a corrected judgment or itself provided any remedy in this regard. The record reflects only that the state district court unilaterally corrected the judgment and that the state supreme court thereafter found the purely state-law issue raised on appeal to be moot.

[30] Schachter has not argued that any of his unexhausted claims are technically exhausted by procedural default. He presents only substantive claims with no claims of ineffective assistance of trial counsel. On substantive claims, the Nevada state courts recognize substantially the same grounds for overcoming a procedural default as the federal courts do: to establish technical exhaustion by procedural default, Schachter would have to unequivocally stipulate that he cannot establish cause and prejudice, cannot establish actual innocence, and cannot otherwise overcome state procedural bars if he were to raise the unexhausted claims in a state post-conviction petition. Such an unequivocal stipulation would establish technical exhaustion but also result in the claims being dismissed with prejudice as procedurally defaulted. *See generally Rodriguez v. Filson*, 2017 WL 6762466, at *4-6 (D. Nev., Dec. 29, 2017); *Myers v. Filson*, 2017 WL 5559954, at *2-4 (D. Nev., Nov. 17, 2017).

Schachter's argument that respondents defaulted by not responding to ground 1 is meritless. The scheduling order directed respondents to "answer or otherwise respond to the petition" and to raise all potential affirmative defenses in the initial response. ECF No. 4, at 2. A motion to dismiss that raises the procedural defenses applicable to selected claims complies with the scheduling order, so respondents are not in default. Even if they were, a judgment by default is not available in a habeas proceeding. *See, e.g., Gordon v. Duran*, 895 F.2d 610, 612 (1990).

### D. Because his petition contains a mix of exhausted and unexhausted claims, Schachter has until October 19, 2018, to choose one of three ways to proceed from here.

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies for **all** claims in the petition.[31] A "mixed" petition—one that contains both exhausted and unexhausted claims—is subject to dismissal.[32] Because Schachter's petition contains a mix of exhausted and unexhausted claims, he must now choose one of three paths forward. **Schachter has until October 19, 2018, to either (1) submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; (2) return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied and dismissed without prejudice; or (3) file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.**

If Schachter does not select one of these three options or seek and obtain other appropriate relief from this court by the deadline, the court will dismiss this entire federal habeas petition without prejudice. If he chooses the second option, he is cautioned that deadlines and statutes of limitation may have run, and that his claims may be time-barred if they are dismissed and he later returns to pursue them.[33] If he chooses the third option, he is cautioned that a stay is available only if he can show good cause for his failure to exhaust his claims in state court:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a

---

[31] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[32] *Id*.

[33] Connors should familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.[34]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **respondents' motion to dismiss [ECF No. 12] is GRANTED IN PART** and **DENIED IN PART**, and I hold that the following claims are unexhausted: (a) Ground 2 to the extent that Schachter bases the claim on a failure to preserve any evidence other than the backpack; (b) Ground 3 to the extent that Schachter alleges that the state supreme court's statement unfairly shifted the burden of proof to the defendant and that a valid conviction could not be obtained because there was no way to determine whether the jury's verdict was based solely on the backpack rather than the other items; and (c) Ground 4 in its entirety.

IT FURTHER IS ORDERED that Schachter has **until October 19, 2018,** to dispatch to the Clerk a filing that elects one of the three options outlined on page 8 of this order. **If Schachter fails to make an election by this deadline, this action will be dismissed in its entirety without prejudice.** Respondents may file a response to any motion filed by Schachter in response to this order, including a motion to stay, within the time provided by the local rules. No further response to the petition is required at this time.

DATED: September 19, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[34] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).